NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
ALBERT KENNEY,                :
                              :   Civil Action No. 12-1059 (SRC) (CLW)
        Plaintiff,            :
                              :
                              :
        v.                    :
                              :
M2 WORLDWIDE, LLC, et al.     :   OPINION AND ORDER
                              :
                              :
        Defendants.           :
_____:
                              :
M2 WORLDWIDE, LLC,            :
                              :
        Counterclaimant,      :
                              :
                              :
        v.                    :
                              :
ALBERT KENNEY and BEST        :
PRACTICES RESEARCH AND        :
CONSULTING, LLC,              :
                              :
        Counterclaim Defendants. :
_____:

**WALDOR, United States Magistrate Judge**

Currently before this Court is a motion by Plaintiff/Counterclaim Defendant Albert Kenney ("Plaintiff") for leave to file a first amended complaint to: (i) assert claims of fraud in the inducement ("Count Four") against Defendant/Counterclaim Plaintiff M2 Worldwide, LLC ("M2") and Michael Kalfus ("Michael"), M2's president; (ii) assert common law fraud ("Count Five," together with Count Four, the "Fraud Claims") against M2, Michael and Robin Kalfus

("Robin," together with Michael, the "Kalfuses"); (iii) amend the breach of contract claim against M2; (iv) amend all other claims (tortious interference with prospective economic advantage (Count One), misappropriation of trade secrets (Count Two), declaratory judgment (Count Six) and conversion (Count Seven)) to assert them against the Kalfuses; and (v) drop claims against individual defendants Mark Klapper, Colin Wheeler and Lisa Feher ("Motion to Amend," Dkt. No. 21). Having considered the parties' submissions, Plaintiff's Motion to Amend is hereby **GRANTED.**

## I. BACKGROUND

Plaintiff commenced this action on or about February 17, 2012 in the Superior Court of New Jersey, Bergen County, Chancery Division. (Dkt. No. 1, Exhibit A, "Original Complaint"). The action was subsequently removed to this Court. (Dkt. No. 1). According to the proposed first amended complaint, this action stems from a purported joint venture agreement between Plaintiff and M2 whereby Plaintiff would earn "a one-half interest in the profits of the joint venture in exchange for [] providing services" to M2 which expanded M2's client base. (Dkt. No. 21, Declaration of Michael Rowan, Exhibit A, "FAC"), ¶¶ 1-2). The FAC purports to assert fraud in the inducement against M2 and Michael and common law fraud, tortious interference with prospective economic advantage, misappropriation of trade secrets, declaratory judgment and conversion against M2 and the Kalfuses, adding the Kalfuses, each individually, as parties. (*Id.*).[1]

M2 is a limited liability company whose business is in consulting to "help clients maximize their business effectiveness through turn-key solutions based on the sound principles and proven strategies of relationship marketing." (*Id.*, ¶ 4). In relevant part, Plaintiff alleges that

---

[1] The FAC also removes Mark Klapper, Colin Wheeler and Lisa Feher as defendants. (*Id.*).

in May 2006, he and Michael, on behalf of M2, agreed that Plaintiff would become a 50% equity partner in a joint venture with M2.  (*Id.*, ¶ 10).  The parties allegedly agreed, *inter alia*, that:  (i) after Michael paid off personal debts, the parties would share all profits equally (*id.*, ¶¶ 11-12);[2] (ii) Plaintiff would receive M2's complete and accurate financial statements so that he could track expenses and monies to be equally paid to both Plaintiff and M2 as part of the joint venture (*id.*, ¶ 15); and (iii) the joint venture agreement would be memorialized in writing once Michael concluded litigation with a former partner.  (*Id.*, ¶ 13).  In the proposed FAC, Plaintiff further alleges that he never received either his purported share of the profits or a memorialization of Plaintiff and M2's agreement, and only received inaccurate and misleading financial records from M2 in an effort to prevent him from discovering that he was not being paid in accordance with the parties agreement.  (*Id.*, ¶¶ 2, 92).

Plaintiff moves to amend the Original Complaint to add Count Four against M2 and Michael and Count Five against M2 and the Kalfuses for allegedly falsely representing that Plaintiff would receive one-half of all profits and complete and accurate financial statements to induce Plaintiff to join the joint venture, provide his services to M2 and induce him to transfer a one-half interest in Blue Water Fractionals to Michael (FAC, ¶¶ 81-86), and providing Plaintiff "with incomplete, inaccurate, misleading or false financial statements to conceal the joint ventures true profitability, prevent [him] from discovering that he was not being paid . . . in accordance with the parties' agreement, and prevent [him] from discovering" that Michael and Robin were misappropriating funds.  (*Id.*, ¶¶ 87-93).  Plaintiff also seeks to amend the breach of contract claim against M2 to include the joint venture agreement and M2's breach thereof (*Id.*, ¶¶ 74-80), and assert all other claims (tortious interference with prospective economic advantage (Count

---

[2] Prior to that time, Michael was to receive a 60% share of profits in order to pay off personal loans exceeding $500,000 with Plaintiff receiving a 40% share.  (FAC, ¶ 11).

One), misappropriation of trade secrets (Count Two), declaratory judgment (Count Six) and conversion (Count Seven)) against the Kalfuses. (*Id.*, ¶¶ 55-73, 94-103).

## II.      LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) allows a party to amend its pleading by leave of court when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend pleadings is to be freely given. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182. Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Id.* "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face" (citations and footnotes omitted)). As such, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Burlington*, 114 F.3d at 1434 (citing *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996) (further citation omitted)). The Court therefore must accept all factual allegations as true "as well as the

reasonable inferences that can be drawn from them." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

Here, M2 and the Kalfuses, in opposition, argue that Plaintiff's Motion to Amend is futile because: (a) Plaintiff fails to state a claim for breach of contract; (b) Plaintiff's Fraud Claims are barred by the statute of limitations; and (c) the Kalfuses are not subject to personal liability as they are members of M2, a limited liability company. (Brief in Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint ("Opp."), p. 2-8; Dkt. No. 25). These arguments are addressed in turn.[3]

### III. ANALYSIS

#### (A) Breach of Contract

To state a claim for breach of contract, a plaintiff must allege: (1) a valid contract existed between plaintiff and defendant; (2) defendant breached the contract; (3) plaintiff performed all obligations under the contract; and (4) plaintiff was damaged as a result of the breach. *See Mezzina v. U.S. Dept. of Housing and Urban Devel.*, 2008 WL 630481, *2 (D.N.J. March 7, 2008) *citing Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.,* 275 F.Supp.2d 543, 566 (D.N.J. 2003). According to the FAC, Plaintiff and M2 agreed to be equal partners in a joint venture where, in exchange for services provided by Plaintiff to M2 (FAC, ¶ 2), Plaintiff would be a 50% partner in the joint venture ultimately receiving 50% of profits (*id.*, ¶¶ 10, 75), would be paid a bonus for his work for the joint venture in 2011 (*id.*, ¶ 77), and would be reimbursed for expenses incurred on behalf of the joint venture. (*Id.*, ¶ 78). In the FAC, Plaintiff alleges that M2 breached this agreement by failing to provide Plaintiff with an equal share of profits and the

---

[3] Because M2 opposes the Motion to Amend on the basis of futility alone, the other *Foman* factors are not addressed herein.

agreed upon 2011 bonus or reimbursement for expenses which Plaintiff consequently suffered damages therefrom. (*Id.*, ¶¶ 2, 79-80).

While M2 argues that Plaintiff fails to allege consideration or a bargained for exchange (Opp., p. 4), the Court finds otherwise, since, at the pleading stage, Plaintiff has sufficiently alleged the elements of a claim for breach of contract. (FAC, ¶¶ 74-80). Accordingly, the Motion to Amend is granted as to the breach of contract claim against M2.

### (B) Statute of Limitations for Fraud

Next, M2 argues that Plaintiff's newly pleaded Fraud Claims are futile because they are barred by the applicable statute of limitations where the FAC alleges that the instances of fraud took place in May 2006. (Opp., p. 5-7; *see also* FAC ¶¶ 10, 81-93). Plaintiff alleges that in May 2006 "M2 and Michael induced Plaintiff to join the joint venture . . . by representing that Plaintiff would receive one-half of all profits from the joint venture, that Plaintiff would receive complete and accurate financial statements for M2, and that the parties' agreement would be memorialized in writing." (FAC, ¶¶ 10, 82, 88). The FAC goes on to allege fraud where M2 and Michael "provided Plaintiff with incomplete, inaccurate, misleading or false financial statements to conceal the joint venture's true profitability, prevent Plaintiff from discovering that he was not . . . being paid in accordance with the parties' agreement, and prevent Plaintiff from discovering that Michael was misappropriating funds." (*Id.*, ¶ 92). M2 terminated the relationship on January 27, 2012. (*Id.*, ¶ 18, 46).

Allegations of fraud are governed by a six-year statute of limitations in New Jersey. N.J.S.A. 2A:14-1. The statute of limitations accrues on the date of the act or omission that gives rise to the fraud claim, or the date on which the act or omission reasonably should have been

discovered.  *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.,* 181 F.3d 410, 413 (3d Cir. 1999)).  The Original Complaint was filed on or about February 17, 2012 (Dkt. No. 1, Exhibit A), but the Motion to Amend to add the proposed Fraud Claims was filed on July 6, 2012, outside the six year limitations period which began to accrue in May 2006.  (Motion to Amend; FAC, ¶ 10).  Strictly construing the date by which Plaintiff sought leave to amend to file the FAC to include the Fraud Claims based upon acts occurring in May 2006, the Fraud Claims would be time barred unless they are tolled by the continuing violations doctrine or discovery rule or relate back to the Original Complaint.  For the reasons set forth below, the Motion to Amend is granted with respect to the Fraud Claims.

The Court finds the discovery rule applicable to the instant case to toll the statute of limitations for the Fraud Claims.  The discovery rule is accepted in New Jersey as an exception to the six year statute of limitations set forth in section 2A:14–1.  *See Nix v. Option One Mortg. Corp.,* 2006 WL 166451, *10 (D.N.J. Jan.19, 2006) *citing Cinnaminson Twp. Board of Educ. v. U.S. Gypsum Co.,* 552 F.Supp. 855, 858 (D.N.J.1982) ("The six-year period of limitations contained in 2A:14–1 may be subject to the discovery rule.").  Under the discovery rule, "the accrual of a cause of action is delayed until the injured party discovers, or by the exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." *Id.,* at *10 *citing RTC Mortg. Trust 1994N–1 v. Fidelity Nat'l Title Ins. Co.,* 58 F.Supp.2d 503, 543 (D.N.J.1999).  To apply the injury discovery rule, the Court also considers objective and subjective inquiries.  *See Knit With v. Knitting Fever, Inc.*, No. Civ. A. 08-4221, 2008 WL 5381349, at * 18 (E.D. Pa. Dec. 18, 2008).  For the court to determine whether the plaintiff had objective "inquiry notice" of its injuries, the defendant must "show the existence of

'storm warnings,' meaning that 'any information or accumulation of data would alert a reasonable person to the probability' that the defendant engaged in wrongdoing." *Id.* (citing *Cetel v. Kriwan Fin. Grp., Inc.*, 460 F.3d 494, 507 (3d Cir. 2006)).  Defendant need not demonstrate actual awareness of the injury, merely that a "reasonable [plaintiff] of ordinary intelligence would have discovered the information and recognized it as a storm warning." *Cetel*, 460 F.3d at 507 (internal citations omitted).  If the defendant is successful, the burden shifts to the plaintiff for the second step, the subjective inquiry, to show that, "heeding the storm warnings, they exercised reasonable diligence but were unable to find and avoid the storm." *Id.*

In the FAC, Plaintiff alleges that "[i]t was only through [Plaintiff's] own investigation, after the filing of the initial complaint, including a review of records from a bank account for which he had check-signing authority, that Plaintiff learned of [the defendants'] deception." (FAC, ¶ 15).  While the FAC does not contain allegations of precisely when Plaintiff discovered the fraud, it is alleged that the discovery occurred sometime after the filing of the Original Complaint in February 2012. (*Id.*; *see also* Dkt. No. 1, Exhibit A).  That allegation, coupled with the allegation that Plaintiff was provided with "incomplete, inaccurate, misleading or false financial statements to conceal the joint venture's true profitability, prevent Plaintiff from discovering that he was not being paid one-half of all profits . . . and prevent Plaintiff from discovering that Michael was misappropriating funds" (*Id.*, ¶ 92), is sufficient to show that, as alleged, he was not able to discover the fraud earlier.

Since M2 does not address the discovery rule in its Opposition, there is no basis to find that Plaintiff had either "inquiry notice" or "storm warnings" of the purported fraud.  Thus, the Court is constrained by the face of the pleading in which Plaintiff alleges that "through [his] own

investigation, after the filing of the initial complaint . . . that [he] learned of [the defendants'] deception" (FAC, ¶ 15), and was prevented from discovering the fraud. (*Id.*, ¶ 92). Accordingly, from the face of the FAC, the discovery rule is applicable to toll the statute of limitations until some point after February 17, 2012 (Dkt. No. 1, Exhibit A), making the Fraud Claims timely in July 2012 when Plaintiff filed the Motion to Amend. Thus, Plaintiff's Motion to Amend to add the Fraud Claims is granted.

Because the Court finds that the discovery rule applies to toll the statute of limitations for fraud, analysis of the doctrines of continuing violations and relation back are not necessary and therefore, are not addressed herein.

### (C) **Personal Liability of the Kalfuses**

Lastly, M2 argues, on behalf of non-parties the Kalfuses, that Plaintiff's Fraud Claims (*Id.*, ¶¶ 74-80) and other claims asserted in the FAC, tortious interference with prospective economic advantage, misappropriation of trade secrets, declaratory judgment and conversion, against the Kalfuses should be rejected because the Kalfuses cannot be personally liable for the actions of M2, a limited liability company. (Opp., p. 7-8). As M2 notes, the FAC alleges the Fraud Claims against the Kalfuses each individually. (*Id.*, 8). The Court finds, and M2 does not argue, that Plaintiff has sufficiently pleaded the elements of fraud against the Kalfuses. The argument as to whether the Kalfuses are or can be personally liable for the Fraud Claims and the other claims in the FAC is more appropriate for dispositive motion practice. As such, the Motion to Amend is granted.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend is hereby **GRANTED.** Plaintiff is to file and serve the First Amended Complaint within ten (10) days of the date of this Opinion and Order. The Clerk of the Court is directed to terminate Docket No. 21.

<u>s/ Cathy L. Waldor</u>
**CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

**DATED: February 13, 2013**