NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT KENNEY, | Civil Action No. 12-1059 (SRC) |
| Plaintiff, | |
| | OPINION & ORDER |
| v. | |
| M2 WORLDWIDE, LLC et al., | |
| Defendants. | |

**CHESLER**, District Judge

This motion comes before the Court on the motion to dismiss the First Amended Complaint ("FAC") by Defendants Michael Kalfus and Robin Kalfus (collectively, "Defendants"). For the reasons stated below, the motion will be granted in part and denied in part.

In brief, this case arises from a dispute over alleged misappropriation of three market analysis methods created by Plaintiff Albert Kenney ("Plaintiff"). This matter was removed to this Court from the Superior Court of New Jersey on February 22, 2012. Plaintiff subsequently sought leave to file an amended complaint, which was granted. The FAC asserts seven claims: 1) tortious interference with prospective economic advantage; 2) misappropriation of trade secrets, pursuant to N.J.S.A. § 56:15-1; 3) breach of contract; 4) fraud in the inducement; 5) fraud; 6) declaratory judgment; and 7) conversion. Defendants now move to dismiss this pleading. The FAC alleges that Michael Kalfus and Robin Kalfus are the sole members of Defendant M2 Worldwide, LLC, a limited liability corporation organized under the laws of the

State of New Jersey.

Defendants first move to dismiss the FAC on the ground that New Jersey law shields the owners of a LLC from personal liability for acts performed in their roles as members of a LLC. As Plaintiff contends, this is incorrect. In Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 303 (2002), the New Jersey Supreme Court held: "the essence of the participation theory is that a corporate officer can be held personally liable for a tort committed by the corporation when he or she is sufficiently involved in the commission of the tort." The FAC alleges that Defendants were both personally involved in the commission of various torts against Plaintiff. Plaintiff has pled sufficient facts to support viable claims against Defendants for personal liability for acts performed in their roles as corporate officers, pursuant to Saltiel.

In reply, Defendants argue that the FAC asserts no tort claims, but only contract claims. This does not fit the FAC, which does not allege a written contract and plainly asserts most claims under tort theories. Indeed, only one count asserts a breach of contract claim against the LLC. The remaining counts assert claims based on fraud, misappropriation of trade secrets, tortious interference, and conversion.[1] At this stage, this Court cannot conclude that "[t]he dispute clearly arises out of and relates to the contract and its breach." Wasserstein v. Kovatch, 261 N.J. Super. 277, 286 (N.J. Super. Ct. App. Div. 1993).

Defendants next argue that the fraud claims must be dismissed for failure to meet the particularity requirement of Federal Rule of Civil Procedure 9(b). Defendants are correct that the FAC fails to make any factual allegations to support any fraud claims against Robin Kalfus. Defendants' reply brief argues only that the the FAC fails to state sufficient facts to support fraud

---

[1] It is not clear on what theory Count Six, the declaratory judgment claim, is predicated.

claims against Robin Kalfus, and it does not continue to support the argument that the fraud claims against Michael Kalfus are insufficient under Rule 9(b). The FAC pleads facts with sufficient particularity to support fraud claims against Michael Kalfus, but not Robin Kalfus. As to the fraud claims against Robin Kalfus, the motion to dismiss will be granted in part, and Count Five will be dismissed without prejudice. The motion to dismiss the FAC will otherwise be denied.

For these reasons,

**IT IS** on this 11th day of July, 2013, hereby

**ORDERED** that Defendants' motion to dismiss the First Amended Complaint (Docket Entry No. 48) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Count Five against Robin Kalfus only, the motion to dismiss is **GRANTED**, and Count Five against Robin Kalfus is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that, as to all other counts in the First Amended Complaint, the motion to dismiss is **DENIED**.

                                                    s/ Stanley R. Chesler
                                                   Stanley R. Chesler, U.S.D.J